# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Myia Angela Standberry, *as Trustee for the Next of Kin of Nekeya Tamara Moody*,

Plaintiff,

v.

Ramsey County; Steven Eddicus and Joe Stradinger, *Sheriff's Deputies in their individual and official capacities*,

Defendants.

Civil No. 23-221 (DWF/EMB)

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on Plaintiff Myia Angela Standberry's motion for new trial. (Doc. No. 130.) Defendants Ramsey County, Steven Eddicus, and Joe Stradinger oppose the motion. (Doc. No. 137.) For the reasons set forth below, the Court respectfully denies the motion.

## BACKGROUND

This case revolves around the tragic death of Nekeya Moody following a medical call with the Ramsey County Sheriff's Office in February 2020. Standberry brought this case against Ramsey County and two Sheriff's Deputies, Eddicus and Stradinger (the "Deputies"), in January 2023. (Doc. No. 1.) In June 2025, the Court granted Defendants' motion to exclude the expert testimony of Dr. Ronald K. Wright and granted in part and denied in part Defendants' motion for summary judgment. (Doc. No. 70.) Following the summary judgment ruling, only three counts remained. (*See id.*) The Court held a jury

trial on the remaining counts from April 13, 2026 through April 15, 2026.  (Doc. Nos. 122, 123, 124.)  On April 15, 2026, the jury returned verdicts for Defendants.  (Doc. No. 128.)  Standberry now moves for a new trial, arguing that the jury decided the case against the great weight of the evidence and that the Court made legal errors at trial. (Doc. Nos. 130, 132.)

## DISCUSSION

A "court may, on motion, grant a new trial on all or some of the issues—and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1)(A).  Generally, "[a] new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice."  *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996).  "In determining whether a verdict is against the weight of the evidence, the trial court can rely on its own reading of the evidence—it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict."  *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992) (citation modified).  A court may not grant a new trial simply because it would have found differently than the jury.  *Butler v. French*, 83 F.3d 942, 944 (8th Cir. 1996).  An evidentiary error warrants a new trial only when that error affected a party's substantial rights.  *Anderson v. Genuine Parts Co.*, 128 F.3d 1267, 1270 (8th Cir. 1997). District courts have great discretion in deciding whether to grant a new trial.  *Pulla v. Amoco Oil Co.*, 72 F.3d 648, 656 (8th Cir. 1995).

Standberry makes two arguments in support of her motion for a new trial, one on the weight of the evidence and one the Court's exclusion of certain evidence.[1]  The Court addresses each in turn.

## I.   Weight of the Evidence

Standberry argues that the jury found against the great weight of the evidence when it found that Nekeya Moody did not suffer from a serious medical need on February 6, 2020.  (Doc. No. 132 at 2-3.)  Standberry asserts that the evidence showed that Ms. Moody lost consciousness while being restrained by the Deputies, the Deputies were unsure of her medical condition, and the paramedics later found Ms. Moody was experiencing breathing issues and went into cardiac arrest.  (*Id.* at 2.)  She argues that this evidence weighs against the jury's finding of no serious medical need.  (*Id.* at 2-3.)  Defendants counter that the evidence showed that Ms. Moody had a pulse and was breathing on her own after she went unconscious and up until the paramedics took over.  (Doc. No. 137 at 5.)  Further, Defendants point out that one paramedic testified that upon arrival she observed Ms. Moody's chest rising and falling, indicating that Ms. Moody was breathing.  (*Id.* at 6.)

---

[1]     Standberry listed four arguments in the motion itself but appears to have abandoned the first two arguments.  (*See* Doc. Nos. 130, 132.)  Even so, the Court would deny the motion based on Standberry's first two arguments because they challenge the Court's summary judgment ruling, not the weight of the evidence or a legal error at trial. A motion to reconsider would be a more appropriate vehicle for those arguments, but Standberry did not obtain prior court permission to file and has not shown any compelling circumstances.  *See* D. Minn. L.R. 7.1(j).

After reviewing the evidence, the Court finds that the jury's verdict does not go against the great weight of the evidence. Although the Court might have found differently, there is not enough here to find the verdict resulted in a miscarriage of justice. Defendants presented the jury with evidence indicating that Ms. Moody was breathing and had a pulse after she went unconscious and that there was nothing the Deputies could do while they waited for the paramedics to arrive. While there was also evidence suggesting the contrary, the weight of that evidence is not so great that the jury's verdict resulted in a miscarriage of justice. The motion is denied on this argument.

## II.     Exclusion of Evidence

Standberry also argues that the Court erred by excluding "evidence that explained Ms. Moody's death as a result of the deputies' actions." (Doc. No. 132 at 3.) In support of this argument, she describes a series of the Court's decisions. (*See id.* at 3-6.) It is unclear whether she intended to challenge each of the four mentioned rulings; nevertheless, the Court examines each ruling for legal error. First, Standberry references the Court's decision to exclude Dr. Wright's expert testimony. A motion for a new trial is not the appropriate vehicle for this challenge and Standberry has not shown compelling circumstances. (*See supra* note 1.) Dr. Wright's one-page report did not comply with Federal Rule of Evidence 702 or Federal Rule of Civil Procedure 26(a) because it did not contain information about his methodology or its reliability. This ruling was not a legal error.

Second, Standberry mentions the Court's ruling on a motion *in limine* which prohibited her from presenting other expert testimony about asphyxiation. The Court's

exclusion of other expert testimony on asphyxiation did not prevent Standberry from presenting all evidence relating to asphyxiation. Indeed, the Court clearly delineated the boundaries of its ruling: "This ruling is limited to expert opinions. It does not prevent Plaintiff from asking questions about the facts and circumstances of Ms. Moody's death." (Doc. No. 114 ¶ 3.) The ruling solely served to enforce Rule 26(a)'s expert disclosure requirements as Standberry did not notify Defendants of any other expert opinion on asphyxiation during discovery. This ruling was not a legal error.

Third, Standberry argues that the Court erred when it denied her request to read portions of an article about prone restraint cardiac arrest (the "Article") into evidence. Standberry claims that the Article was a "learned treatise" and thus she should have been allowed to read portions of it onto the record under Federal Rule of Evidence 803(18). Rule 803(18) allows statements contained in a learned treatise to be read into evidence if "(A) the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination; and (B) the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice." Fed. R. Evid. 803(18). Standberry introduced the Article while examining Dr. Butch Huston, the medical examiner in this case. Dr. Huston stated that he was familiar with the author of the Article, the theory discussed in the Article, and the journal the Article was published in, but he would not call the Article or the journal reliable. Given Dr. Huston's hesitancy to call the Article reliable, the Court declined to take judicial notice of its reliability. Standberry failed to establish the Article as a reliable authority, so she was not entitled to introduce portions of it into evidence under the

5

hearsay exception in Rule 803(18).  This ruling was not a legal error.  Furthermore, the Court stands by its decision not to take judicial notice of the Article's reliability. Standberry did not present sufficient information for the Court to feel confident in this fact.  The Court's decision not to take judicial notice was not a legal error.

Lastly,  Standberry challenges the Court's decision to allow Defendants to comment in front of the jury about her failure to call a medical expert.  "To constitute reversible error, statements made in oral arguments must be plainly unwarranted and clearly injurious."  *Boardman v. Nat'l Med. Enters.*, 106 F.3d 840, 844 (8th Cir. 1997) (quoting *Vanskike v. Union Pac. R.R. Co.*, 725 F.2d 1146, 1149 (8th Cir. 1984)).  The Eighth Circuit has previously found no error where a trial court allowed counsel to point out the lack of expert testimony on an issue when that issue was "a matter of obvious relevance and central importance to a determination of the case."  *Id.*; *see also Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 285-86 (8th Cir. 1995) (finding a court did not err when allowing defense counsel to comment on the plaintiff's failure to call a tire expert).  Here, Ms. Moody's cause of death was of central importance on all three counts.  Pointing out that Standberry failed to call an expert regarding Ms. Moody's cause of death was relevant to that issue.  Defense counsel's statements were not plainly unwarranted or clearly injurious.  This ruling was not a legal error.

In conclusion, Standberry has not shown that the verdict goes against the great weight of the evidence or that the Court made a legal error at trial.  Accordingly, the Court denies the motion for new trial.

**ORDER**

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Plaintiff Myia Angela Standberry's motion for new trial (Doc. No. [130]) is respectfully **DENIED**.


Dated:  July 17, 2026                          s/Donovan W. Frank
                                                          DONOVAN W. FRANK
                                                          United States District Judge